UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION


FILED
JUN 22 2020

| | |
|---|---|
| MATTHEW ST. PIERRE,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 1:20-CV-01010-CBK<br><br>ORDER |

Petitioner pleaded guilty to aiding and abetting second degree murder and was sentenced to 480 months custody. He appealed his sentence to the United States Court of Appeals for the Eighth Circuit and the Eighth Circuit dismissed the appeal pursuant to petitioner's waiver set forth in the plea agreement. Petitioner has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. He has also filed a motion requesting this Court recuse itself from this case and for a change of venue to have the case considered by a different judge.

Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts requires, in most cases, that § 2255 motions be forwarded to the judge who conducted the trial and imposed sentence. The Advisory Committee Notes to Rule 4 describe the practice as the "long-standing majority practice." The Advisory Committee noted that "it is highly desirable in such cases that the motions be passed on by the judge who is familiar with the facts and circumstances surrounding the trial, and is consequently not likely to be misled by false allegations as to what occurred," *citing* Carvell v. United States, 173 F.2d 348-49 (4th Cir. 1949). The Advisory Committed considered the critics' concerns about the trial judge handling such cases but explained:

> A movant is not without remedy if he feels this is unfair to him. He can file an affidavit of bias. And there is the right to appellate review if the trial judge refuses to grant his motion. Because the trial judge is thoroughly familiar with the case, there is obvious administrative advantage in giving him the first opportunity to decide whether there are grounds for granting the motion.

Petitioner has attempted to availed himself of the remedy envisioned by the Advisory Committee.

Pursuant to 28 U.S.C. § 455(a), a United States District Judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 144 likewise requires the district court to recuse itself where a party files a timely and sufficient affidavit that the judge has a personal bias or prejudice. Judges are "presumed to be impartial" and the defendant "bears the substantial burden of proving otherwise." United States v. Dehghani, 550 F.3d 716, 721 (8th Cir. 2008).

Defendant contends that I have a conflict of interest and am prejudiced towards him. He does not allege any facts to support that I am biased in his case. His motion must be based upon the facts of his case and my previous sentencing decision in his case since I have had no other prior relationship with him. Relief under § 144 is conditioned upon the filing of a "sufficient affidavit that the judge . . . has a personal bias or prejudice" against the petitioner. "The statutory requirements must be complied with before a judge can be disqualified." United States v. Faul, 748 F.2d 1204, 1210 (8th Cir. 1984). "When an affidavit does not meet the requirements imposed by law, the judge should not disqualify himself." United States v. Faul, 748 F.2d at 1211. Petitioner's motion to recuse or change venue does not contain an affidavit. He has not complied with the requirement for recusal under 28 U.S.C. § 144.

"To be legally sufficient, an affidavit [under § 144] must allege bias or prejudice, and such bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." United States v. Faul, 748 F.2d at 1211 (cleaned up). The bias necessary to require recusal under § 455 must also come from an extra-judicial source – opinions formed by the judge on the basis of facts learned during the course of prior proceedings do not ordinarily constitute a basis for a finding of bias. United States v. Martin, 757 F.3d 776, 778 (8th Cir. 2014). Any previous unfavorable ruling in defendant's case "does not raise an inference of bias or require the trial judge's recusal." Harris v. State of Mo., 960 F.2d 738, 740 (8th Cir. 1992). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555, 114 S. Ct. 1147, 1157, 127 L. Ed. 2d 474 (1994) ("Almost invariably, they are proper grounds for appeal, not for recusal."). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment

2

impossible." Liteky v. United States, 510 U.S. 540, 555, 114 S. Ct. 1147, 1157, 127 L. Ed. 2d 474 (1994).

No deep-seated favoritism or antagonism exists in this case. I bear no bias or prejudice against this defendant personally. The only information I know about this case is what was presented in the presentence report and argued by the parties at the sentencing hearing. Defendant has identified no evidence that I harbor a personal bias or prejudice against him based upon any extra-judicial matter. It is true that I previously imposed a harsher sentence than originally calculated in the presentence investigation report. That is not, however, legally sufficient to show bias or prejudice.

Recusal is not required when it appears the defendant is attempting to manipulate the judicial system by judge shopping. United States v. Beale, 574 F.3d 512, 519-20 (8th Cir. 2009). Motions to recuse should not "be viewed as an additional arrow in the quiver of advocates in the face of [anticipated] adverse rulings." In re Kansas Pub. Employees Ret. Sys., 85 F.3d 1353, 1360 (8th Cir. 1996) (quoting TV Communications Network, Inc. v. ESPN, Inc., 767 F.Supp. 1077, 1081 (D.Colo.1991)).

Based upon the foregoing,

IT IS ORDERED that petitioner's motion, Doc. 5, for recusal or change of venue is denied.

DATED this 22nd day of June, 2020.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge