

FILED
SEP 29 2020

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| MATTHEW ST. PIERRE,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 1:20-CV-01010-CBK<br><br>ORDER |

Petitioner pleaded guilty to second-degree murder and aiding and abetting. He was sentenced to 480 months custody. He appealed his sentence to the United States Court of Appeals for the Eighth Circuit. The Eighth Circuit held that I did not commit procedural error and that the sentence I imposed was reasonable. The appeal was dismissed pursuant to petitioner's waiver set forth in the plea agreement. United States v. St. Pierre, 912 F.3d 1137 (8th Cir. 2019).

Petitioner filed on June 1, 2020, a motion (Doc. 1) to vacate, set aside, or correct conviction and sentence pursuant to 28 U.S.C. § 2255. He has also filed a motion for leave to proceed *in forma pauperis* without the prepayment of fees pursuant to 28 U.S.C. § 1915. There are no filing fees associated with the filing of a motion to vacate. Petitioner has made the requisite showing under 28 U.S.C. § 1915 and, accordingly, he will be allowed to proceed *in forma pauperis*.

Petitioner filed a motion for me to recuse which motion I denied on June 22, 2020 (See Doc. 6). He later filed on July 6, 2020, an affidavit of bias (Doc. 8) which, if it was to be filed, should have been with his motion to recuse. It has no merit in any event. He filed a motion for a change of venue which has no legal merit and was denied (Doc. 6). He has also filed a motion for new appointed counsel (Doc. 7) which should be denied.

I have conducted an initial consideration of the motion to vacate, as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

**DECISION**

Petitioner entered into a plea agreement after fully understanding that he was waiving very important rights, including the right to appeal any upward departure or variance. His plea was to aiding and abetting second degree murder. He tortured a little girl for many days. He injured her by assaulting her, causing a rupture in her abdominal cavity, causing her to slowly bleed to death while he continued to abuse her. His conduct was cruel and inhuman. I can only imagine the terror he inflicted on this child day in and day out. He and the co-defendant also engaged in activities designed to "cover up" the crime and prevent authorities from helping the child.

**I. Jurisdiction.**

Petitioner contends that this Court lacked jurisdiction over his offense. He claims the Pub. L. 80-772, enacted June 25, 1948, which revised, codified, and enacted Title 18 of the U.S. Code, was not properly enacted by Congress due to claimed irregularities in its enactment, thus invalidating his conviction. That contention is legally frivolous. United States v. Bogle, 522 F. App'x 15, 21 (2d Cir. 2013) (a procedural challenge to Pub. L. 80-772 "is precluded by the Marshall Field doctrine, which states that once an enrolled bill has been signed by the Speaker of the House of Representatives and the President of the Senate in open session and approved by the President of the United States, 'its authentication as a bill that has passed congress should be deemed complete and unimpeachable.'") (*quoting* Marshall Field & Co. v. Clark, 143 U.S. 649, 672, 12 S.Ct. 495, 497, 36 L.Ed. 294 (1892)), U.S. v. Penwell, 455 Fed. Appx. 181 at 2 (3d Cir. 2011) ("There is no merit to the claim Public Law 80–772 [was] not properly enacted by both houses of Congress"), and United States v. Collins, 510 F.3d 697, 698 (7th Cir. 2007) (attack on 80-772 because of "supposed irregularities in its enactment" is "unbelievably frivolous").

2

Even if Pub. L. 80-772 is invalid, this Court nonetheless had jurisdiction in this case. The Indian Major Crimes Act, Act of Mar. 3. 1885, ch. 341, § 9, 23 Stat. 385, authorized the district courts to assert jurisdiction over Indians who commit the crime of, *inter alia*, murder in Indian Country. In 1909, the penal laws of the United States were codified, revised, and amended and the Indian Major Crimes Act was codified as § 328. 60th Congress, Sess. II, Ch. 321, Sec. 328, 35 Stat. 1151. In 1925, Congress began organizing the laws of the United States in 50 titles. The criminal laws were collected into Title 18. Indian Jurisdiction was codified at 18 U.S.C. § 548. 69th Congress, Session II, 44 Stat. pt. 1, Public No. 440 (1926). The 1926 codification did not repeal any of the prior laws, however. In 1932, Congress amended and consolidated § 328 of the 1910 Code and § 548 of the 1926 Code, codifying the amendment at § 548. 72nd Congress, Sess. I, Ch. 284, Public No. 199, 47 Stat. 337. Finally, in 1948, jurisdiction over crimes committed by Indians in Indian Country was codified at 18 U.S.C. § 1153. Pub. L. 80-772. If the 1948 statute is invalid, the 1926 codification prevails as the law concerning Indian jurisdiction and this Court would still have jurisdiction over the defendant and the offense in this case.

Petitioner's claims of lack of jurisdiction, no federal law covering his crime, statements of Jeff Sessions, fraud on the court, a void or voidable judgment, false imprisonment, violations of the Rules of Civil Procedure (which do not apply in a federal criminal case), lack of scienter, tribal laws, sufficiency of the evidence to prove Indian status, burdens of proof, whether oaths of office were violated, whether I was practicing law and engaged in plea negotiations, whether due process of law was not extended to the defendant, whether monetary damages should be paid to the defendant, and a request for witnesses as to these theories and arguments, are all frivolous and totally without legal or factual merit and they are rejected.

In any event, petitioner was required to raise all these issues on direct appeal. The Supreme Court has stated that "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982). Petitioner filed a direct appeal which was dismissed pursuant to his waiver in the plea

agreement of the right to appeal all non-jurisdictional issues. Petitioner's appeal did not raise a jurisdictional issue. United States v. Pierre, 912 F.3d 1137, 1143 (8th Cir. 2019). Failure to raise an issue on direct appeal bars petitioner from raising the issue for the first time in a section 2255 habeas corpus proceeding. Jennings v. United States, 696 F.3d 759, 762-63 (8th Cir. 2012). This rule applies equally to a criminal defendant who waives his right to appeal pursuant to a plea agreement and therefore is barred from a direct appeal. Reid v. United States, 976 F.2d 446, 448 (8th Cir.1992).

Petitioner can make no meritorious claim of actual innocence. The evidence of his guilt was overwhelming. There was no denial or infringement of petitioner's constitutional rights as to render the judgment capable of collateral attack. The Court of Appeals has already found that the sentence imposed was within my discretion. The Court found that the appeal waiver did not result in a miscarriage of justice. These are final actions as to this defendant.

This Court had and has jurisdiction. The sentence imposed was authorized by law and is not open to collateral attack unless he did not receive adequate assistance of counsel. He now claims ineffectiveness of counsel. He raised no such claim on his appeal (which is not surprising since the appellate court rarely acts on such matters until a habeas action is filed).

## II. Ineffective Assistance of Counsel.

Petitioner contends that counsel was ineffective in failing to investigate petitioner's sanity and competency, failing to interview an expert witness on voluntary intoxication, failing to tell petitioner about an offer of immunity, giving erroneous advice to induce petitioner to plead guilty, lying to petitioner about the sentence he would receive, failing to tell petitioner about a conditional plea, failing to explain the *mens rea* of the crime and assert lack of intent based upon intoxication, failing to seek a plea agreement in Washington when efforts to obtain a more favorable plea with the U.S. Attorney failed, failing to obtain the grand jury transcripts prior to making a decision about going to trial, failing to accurately calculate the federal sentencing guidelines when advising the defendant of the plea offer, failing to file a motion to suppress evidence or to

4

sever charges, failing to raise lack of premeditation and intoxication, and failing to attack the conviction on appeal.

To support a claim of ineffective assistance of counsel, a two-prong test must be met. "To succeed on this claim, [petitioner] must show ineffective assistance--that counsel's representation fell below an objective standard of reasonableness." Wilcox v. Hopkins, 249 F.3d 720, 722 (8th Cir. 2001) (*quoting* Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). Petitioner "must also prove prejudice by demonstrating that absent counsel's errors there is a reasonable probability that the result of the proceeding would have been different." Delgado v. United States, 162 F.3d 981, 982 (8th Cir. 1998), (*citing* Strickland v. Washington, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068, 80 L. Ed. 2d (1984)). In the context of a guilty plea, petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Gumangan v. United States, 254 F.3d 701, 705 (8th Cir.2001), (*quoting* Hill v. Lockhart, 474 U.S. 52, 59 (1985). The burden of establishing ineffective assistance of counsel is on the petitioner. Delgado v. United States, 162 F.3d at 982. Petitioner "'faces a heavy burden' to establish ineffective assistance of counsel pursuant to section 2255." DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000) (*quoting* United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996)). "The Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." Yarborough v. Gentry, 540 U.S. 1, 8, 124 S. Ct. 1, 6, 157 L. Ed. 2d 1 (2003).

### A. Sanity and Competency.

Petitioner contends that counsel was ineffective in failing to investigate and raise the issue of petitioner's sanity at the time of the offense and his competency. "It is an affirmative defense to a prosecution under any Federal statute that, at the time of the commission of the acts constituting the offense, the defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts. Mental disease or defect does not otherwise constitute a defense." 18 U.S.C. §.17.

5

Further, "if there is reasonable cause to believe that the defendant may be presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense," the Court must hold a hearing to determine the competency of the defendant. 18 U.S.C. § 4241(d), <u>United States v. Ferro</u>, 321 F.3d 756, 760 (8th Cir. 2003). "A defendant is competent to be tried if he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and a rational as well as factual understanding of the proceedings against him." <u>United States v. Robinson</u>, 253 F.3d 1065, 1067 (8th Cir. 2001) (internal quotations omitted).

The record in this case shows that, beginning with his initial interview with pretrial services, petitioner did not identify any mental health concerns. At petitioner's change of plea hearing on August 4, 2017, his testimony showed that he knew the nature of the acts he admitted to committing and knew that those acts were wrong. He testified under oath that he had read the indictment, the superseding information, the plea agreement, and the factual basis statement and understood them completely. He testified that he understood fully what was going on at that hearing. I advised him of his Constitutional and statutory rights as to the charges and the maximum penalties he was facing. He stated under oath that he understood his rights and the maximum penalties. I advised him that, notwithstanding any estimate of the sentence he had received from his attorney or anyone else, any estimate of the sentencing guideline calculation, or recommended sentence, that I could sentence him above any estimated sentence or the advisory guideline range to the statutory maximum custodial penalty of life imprisonment based upon the facts that I found at sentencing. He stated that he understood all of the foregoing. He denied under oath that anyone had promised him anything about the sentence he would receive. Petitioner waived his right to appeal any non-jurisdictional issues and I advised him of the consequences of the appeal waiver.

Petitioner answered all the questions I asked at his change of plea hearing coherently, concisely, and appropriately. I found that he understood the nature of the

6

charges against him and the nature and extent of the penalty he was facing. I found that he was competent to enter a plea of guilty.

During the presentence interview, defendant stated that, when he was 18 or 19 years old, he had attempted suicide and had tried to overdose on pills as late as 2009 when he was drinking and felt alone. He reported he was never treated for mental health issues. That information did not require counsel or the Court to question his sanity at the time of the offense or his competency to assist in his defense.

In order to succeed on his claim that counsel was ineffective in failing to pursue claims of incompetency, petitioner must show "a reasonable probability that the district court would have found him incompetent to stand trial." Paul v. United States, 534 F.3d 832, 845 (8th Cir. 2008). As set forth above, petitioner was found competent prior to the entry of a guilty plea. He cannot demonstrate a reasonable probability that, had counsel requested a competency hearing, I would have found him incompetent.

There is nothing in the pretrial record, petitioner's demeanor during his plea and sentencing hearings, the presentence report, or in the papers accompanying his motion to vacate that raises any doubt about petitioner's sanity. There is nothing in the record to suggest that counsel for the petitioner was ineffective in failing to raise the issue of sanity.

Petitioner's claim of ineffective assistance of counsel in failing to raise the issue of his competency and sanity is meritless.

### B. *Mens Rea.*

Many of petitioner's claims of ineffective assistance concern the matter of intent. The *mens rea* required to convict a defendant of second-degree murder is malice aforethought. United States v. Iron Crow, 970 F.3d 1003, 1009 (8th Cir. 2020). Second degree murder is a general intent crime. *See* United States v. Lasley, 932 F.3d 910, 913 (8th Cir. 2016), United States v. Brown, 287 F.3d 965, 974 (10th Cir. 2002). Voluntary intoxication is not a defense to a general intent crime. United States v. Gustus, 926 F.3d 1037, 1040 (8th Cir. 2019). All of petitioner's ineffective assistance of counsel claims

7

concerning intent, *mens rea*, premeditation, and intoxication are meritless. It was not ineffective assistance to fail to raise such claims.

### C. Sentencing Guidelines Advice.

Petitioner contends that counsel lied to petitioner about the sentence he would receive and failed to accurately calculate the Federal Sentencing Guidelines when advising him about the plea offer. At the change of plea hearing, I asked petitioner:

> Do you understand that any estimate of a guideline range made by Mr. Albright, or for that matter by anybody else at this stage, is only an estimate; and the final advisory guideline range may be different, may call for a longer sentence than what you talked about with your lawyer? And if that happens, you would not be able to withdraw any plea of guilty which you may have entered under this plea agreement. Do you understand that?

Petitioner testified that he understood that. I further asked:

> Do you understand that if you plead guilty here today to the charge contained in the Superseding Information that the Court at a later date will conduct a sentence hearing. At that hearing, I will listen to the evidence. I will not require anyone to prove anything beyond a reasonable doubt, but again only by a preponderance of the evidence. Based upon the evidence, I will then decide what the facts are. Based upon what I find the facts to be, I will decide what your advisory guideline range is, and I will then sentence you within the guideline range, below the guideline range, or above the guideline range, not to exceed of course the statutory maximum of life imprisonment. Do you understand all of that?

Petitioner testified that he understood that. I further asked:

> Has anyone promised you what sentence you would receive if you would plead guilty to the Superseding Information?

Petitioner testified "no."

Petitioner's representations during the plea hearing "carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" Bramlett v. Lockhart, 876 F.2d 644, 648 (8th Cir. 1989) (*citing* Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir.1985) (quoting Blackledge v. Allison, 431 U.S. 63, 73, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977))). Petitioner cannot show that he was

prejudiced by any alleged failure by counsel to properly calculate the probable sentencing guideline range. I advised him that I could impose any sentence I found to be reasonable as long as the sentence did not exceed the statutory maximum and petitioner testified, under oath, that he understood that. Petitioner cannot show that there is a "reasonable probability that, but for counsel's alleged failure [to properly advise him what sentence he may receive] the result of the proceeding would have been different." Toledo v. United States, 581 F.3d 678, 680 (8th Cir. 2009).

### D. Grand Jury Transcript.

Petitioner contends counsel was ineffective in failing to obtain the grand jury transcript prior to petitioner deciding whether to plead guilty or go to trial. A defendant is not entitled to a copy of the grand jury transcript unless the Court authorizes disclosure upon a showing of a particularized need. Fed. R. Crim. P. 6(e)(3)(E)(ii); United States v. Kocher, 978 F.2d 1264 (8th Cir. 1992) ("defendant must prove that his need for the transcript outweighed the public interest in continued secrecy of grand jury proceedings"). Petitioner cannot show that counsel was ineffective for failing to obtain that which defendant is not entitled to have.

### E. Frivolous Claims.

Petitioner contends that counsel was ineffective in failing to file a motion to suppress or to sever. Petitioner has not set forth any basis for believing he could show that such motions would be successful. He is not entitled to proceed on this claim.

Petitioner contends that counsel was ineffective in failing to seek a more favorable plea agreement in Washington. Such a claim is frivolous.

Petitioner contends that counsel was ineffective in failing to tell petitioner about a conditional plea. He does not identify what condition should have been negotiated and made a part of the plea agreement. He does not set forth any basis for believing that the government would have agreed to any conditional plea or that I would have accepted a conditional plea.

Petitioner contends that counsel was ineffective in failing to attack his conviction on appeal. Petitioner waived his right to appeal. Nonetheless, counsel did file an appeal on petitioner's behalf.

Petitioner cannot demonstrate that counsel was ineffective in any of the foregoing matters or that the result of this proceeding would have been any different if counsel had pursued those matters.

### F. Failure to Disclose.

Petitioner contends that counsel was ineffective in failing to disclose to petitioner an offer of immunity. In this regard, he has raised a claim which should be addressed by the court as to what his attorney did and did not do. A notice should be served upon the United States Attorney to respond to this claim only.

### ORDER

Based upon the foregoing,

IT IS ORDERED, as follows:

1. Petitioner's motion, Doc. 2, to proceed *in forma pauperis* is granted.

2. Petitioner's motion, Doc. 7, to appoint counsel is denied, as well as his motion, Doc. 6, for a change of venue.

3. The Clerk of Court shall deliver or serve a copy of the motion to vacate and a copy of this order upon the United States Attorney for the District of South Dakota.

4. Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, the United States Attorney in and for the District of South Dakota shall serve and file an answer or responsive pleading to the claim that counsel was ineffective in failing to disclose to petitioner an offer of immunity, together with a legal brief or memorandum in support thereof, that complies with Rule 5 of the Rules Governing § 2255 Proceedings on or before October 30, 2020.

5. Petitioner may submit a reply to the government's answer on or before 30 days after receipt of the government's answer.

6. The motion to vacate or set aside conviction and sentence (Doc. 1) is denied other than the claim of ineffective assistance of counsel in allegedly failing to disclose an offer of immunity.

Dated at Aberdeen, South Dakota, this 29th day of September, 2020.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

11