UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| MATTHEW ST. PIERRE,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 1:20-CV-01010-CBK<br><br>ORDER DENYING MOTION TO VACATE AND ORDER DENYING A CERTIFICATE OF APPEALABILITY |

Petitioner filed a motion to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. §2255. Upon initial review, I denied his motion other than his claim that his attorney failed to disclose an offer of immunity, thus resulting in ineffective assistance of counsel.

Petitioner waived his attorney-client privilege and his attorney responded with an affidavit stating that there never was any offer of immunity and thus he had nothing to convey to the petitioner. The affidavit also makes it clear that there was no request by the government for a cooperation agreement in the plea deal offered by the government.

The United States Attorney who participated in the underlying criminal matter filed an affidavit stating that no offer of immunity was made or even considered as to either petitioner or his co-defendant. Respondent responded to the motion to vacate and filed a motion to dismiss for failure to state a claim. Petitioner has failed to respond to the affidavits or the motion to dismiss.

Petitioner has filed a motion for a copy of the grand jury transcript and the transcript of his detention hearing. Neither transcript is relevant to the issue pending in this matter. The motion should be denied.

## I. Evidentiary Hearing.

The district court must hold an evidentiary hearing on a § 2255 motion which presents factual issues. United States v. Lambros, 614 F.2d 179, 181 (8th Cir. 1980). However, a § 2255 "petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact." Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998) (*quoting* Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)). *Accord,* Garcia v. United States, 679 F.3d 1013, 1014 (8th Cir. 2012).

No evidentiary hearing is necessary in this matter because it plainly appears from a review of the record that the petitioner is not entitled to relief. His claim that counsel failed to tell him about an alleged cooperation agreement is facially meritless. There is nothing in the record to suggest that any cooperation agreement was contemplated by the prosecutor, much less offered to counsel for the petitioner without petitioner's knowledge.

## II. Appointment of Counsel.

Petitioner previously filed a motion for the appointment of counsel, which was denied. He has filed two additional motions for the appointment of counsel. When the interests of justice require, the district court may exercise its discretion to appoint counsel for a financially eligible person seeking relief under 28 U.S.C. § 2255. 18 U.S.C. § 3006A(a)(2)(B), 18 U.S.C. § 2255(g). *See also,* Rule 8(c) of the Rules Governing Section 2255 Proceedings fort the United States District Courts which authorizes the appointment of counsel where an evidentiary hearing is warranted.

> When exercising its discretion, a district court should first determine whether a pro se habeas petitioner has presented a nonfrivolous claim. If the petitioner has presented only claims that are frivolous or clearly without merit, the district court should dismiss the case on the merits without appointing counsel. If the petitioner has presented a nonfrivolous claim, the district court should then determine whether, given the particular circumstances of the case, the appointment of counsel would benefit the petitioner and the court to such an extent that the

> interests of justice so require it. To determine whether appointment of counsel is required for habeas petitioners with nonfrivolous claims, a district court should consider the legal complexity of the case, the factual complexity of the case, the petitioner's ability to investigate and present his claim, and any other relevant factors.

Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994) (internal quotations and citations omitted).

The issue in this case is not legally or factually complex. No evidentiary hearing will be held. The appointment of counsel is not required in this case.

Based upon the foregoing,

IT IS ORDERED:

1. The motion, Doc. 1, to vacate or set aside the judgment of conviction is denied.

2. The motions, Docs. 14, 17, for the appointment of counsel and the motion, Doc. 17, for transcripts are denied.

## TO THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT:

Petitioner filed a motion to vacate or set aside his conviction and sentence for second degree murder, contending that he had received ineffective assistance of counsel. Following initial review, the only claim allowed to proceed was petitioner's claim that counsel had failed to tell him about the prosecution's offer of immunity. There was no credible evidence that the prosecution made an offer of immunity and the motion was denied on the merits.

Pursuant to 28 U.S.C. § 2253(c)(1), an appeal from an order denying a motion to vacate may not be taken unless a judge issues a certificate of appealability. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Petitioner did not and has not made a substantial showing of the denial of a constitutional right.

**IT IS HEREBY CERTIFIED** that there does not exist probable cause of an appealable issue with respect to the Court's order denying petitioner's motion to vacate.

This in no way hampers the petitioner's ability to request issuance of the certificate by a circuit judge pursuant to Fed. R. App. P. 22.

DATED this 2nd day of December, 2020.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge